UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BESSIE EARL BISHOP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-22 CAS |
| ) | |
| MITCH MURCH'S MAINTENANCE ) | |
| MANAGEMENT CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed as time-barred and for her failure to exhaust her administrative remedies with respect to her claim.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. E.g., Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, for alleged age discrimination in the workplace. Plaintiff attached two right to sue letters to her complaint - one from the Equal Employment Opportunity Commission

("EEOC") and one from the Missouri Commission on Human Rights ("MCHR")[1]. The EEOC right to sue letter was mailed to plaintiff on September 16, 2010. Plaintiff filed this lawsuit on January 5, 2011.

A plaintiff in an action under the ADEA has ninety days from receipt of the right to sue letter to file a civil action. Failure to file a timely civil action warrants dismissal of the complaint. See, e.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984); Williams v. Thomson Corp., 383 F.3d 789, 790-91 (8th Cir. 2004); Luckett v. Herbster-Hellweg Painting, 2008 WL 2620894 at *1 (E.D. Mo. June 27, 2008); McIntosh v. Ameren UE, 2009 WL 3754158 at *2 (E.D. Mo. November 5, 2009).

The ninety-day period in this case elapsed on approximately December 15, 2010. Plaintiff did not file her suit until more than three weeks after the ninety-day period ended. As a result, the complaint appears to be time-barred.

Moreover, the Court notes that on plaintiff's charge of discrimination she filed with the EEOC, she complained only of retaliation, but did not mention her belief, as outlined in the instant complaint, that she had been discriminated against on the basis of her age. A plaintiff's claims in court must be like or reasonably related to the claims outlined in her administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. See, e.g., Duncan v. Delta Consolidated Indus., Inc., 371 F.3d 1020, 1024 (8th Cir. 2004). Thus, even if this case was not time-barred, it would likely be subject to dismissal for this reason.

---

[1]Although plaintiff has included with her complaint a copy of a notice of right to sue from the MCHR, she has not indicated on her complaint whether or not she is pursuing a claim under the Missouri Human Rights Act. If plaintiff's federal claims are found to be time-barred, the Court would likely decline to exercise jurisdiction of any state law claims and dismiss them without prejudice.

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed as time-barred or for her failure to exhaust her administrative remedies with respect to her age discrimination claims. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this case should not be dismissed as time-barred.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of March, 2011.